O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3154 |
| | § | |
| GREGORY J. COLSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is the United States's Motion to Dismiss Counterclaims in Third Amended Answer (Document No. 31). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be GRANTED.

I. Background

The United States brought this case against Defendant Gregory L. Colson ("Colson") seeking a declaration of its right to use "Cotton Loop Road" (the "Road") and seeking to enjoin Defendant Colson from interfering with the use of the Road by the Forest Service, its contractors, and private persons seeking access to the Sam Houston National Forest. The United States alleges in its Second Amended Complaint that Defendant Colson owns a 19-acre tract of land that abuts land owned by the United States and that Colson has wrongfully interfered with the United States's right to use the Road by erecting a locked gate across it. The United States

alleges that its right and the right of the public to use the Road arise from: (1) an implied dedication of the property to public use; (2) prescriptive rights acquired by the public's use of the road for more than 25 years; and (3) an implied easement by necessity.  Document No. 13 at 6-7.  In response, Colson has asserted against the United States counterclaims for declaratory judgment, attorney's fees, and inverse condemnation.  The United States moves for dismissal of the declaratory judgment and attorney's fees counterclaims on sovereign immunity grounds and seeks summary judgment on the inverse condemnation counterclaim.

## II.  Standard of Review

### A.  Motion to Dismiss: Rule 12(b)(1)

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction.  FED R. CIV P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks.  See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990); Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).  A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings.  Paterson, 644 F.2d at

523.  When presented with a facial challenge to subject matter jurisdiction, the court examines whether the allegations in the pleadings are sufficient to invoke the court's subject matter jurisdiction, assuming the allegations to be true.  Id.; Simmang v. Tex. Bd. of Law Examiners, 346 F. Supp. 2d 874, 880 (W.D. Tex. 2004).

B.   Motion for Summary Judgment: Rule 56(c)

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).  Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.  *See* id. at 2553-54.  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  *See* Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514-15 (1986)).  "[T]he nonmoving party

3

must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *See* Anderson, 106 S. Ct. at 2513-14. All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. (citing Anderson, 106 S. Ct. at 2511). Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III. Discussion

A. Declaratory Relief and Attorney's Fees

In his Third Amended Answer, Colson asserts a counterclaim for declaratory judgment, stating that "[i]f the Court or jury finds a 'public road' traverses Colson's property, Colson requests that the

4

Court declare that the USA must bring this public road into compliance with the State of Texas' statutory requirements for public roads and maintain and patrol such public road." Document No. 25 ¶ 28.  Colson also contends that "the USA is liable for all attorney's fees and costs" he has incurred in this action and asserts a counterclaim to recover those amounts.  Id. ¶ 30.  The United States argues that it has not waived its sovereign immunity to either counterclaim and moves to dismiss the counterclaims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

"The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction."  Delta Commercial Fisheries Ass'n v. Gulf of Mex. Fisher Mgmt. Council, 364 F.3d 269, 273 (5th Cir. 2004).  "The United States can consent to be sued 'either by specific statutory consent or by instituting a suit as to which a defendant may plead matters in recoupment.'"  First Nat'l Bank v. Genina Marine Servs., Inc., 136 F.3d 391, 394 (5th Cir. 1998) (quoting EEOC v. First Nat'l Bank of Jackson, 614 F.2d 1004, 1007 (5th Cir. 1980)).  Colson argues that his declaratory judgment and attorney's fees counterclaims fall within the latter category of consent to be sued.  *See* Document No. 32 ¶¶ 23-33.

By filing suit, the federal government effects a limited waiver of sovereign immunity, but only as to the defendant's *recoupment* claims:

5

> [W]hen the sovereign sues it waives immunity as to claims of the defendant which assert matters of recoupment-- arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claims but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or . . . exceeding the amount of the government's claims; but the sovereign does not waive immunity as to claims which do not meet the 'same transaction or occurrence test' nor to claims of a different form or nature than that sought by it as plaintiff nor to claims exceeding in amount that sought by it as plaintiff.

<u>Frederick v. United States</u>, 386 F.2d 481, 488 (5th Cir. 1967) (citations omitted); *cf.* <u>United States v. Patterson</u>, 206 F.2d 345, 348 (5th Cir. 1953) ("[T]he United States, by the institution of a civil action, submits to the court's jurisdiction in respect to a counterclaim properly assertable as a defense. . . ."). Colson's counterclaims for declaratory relief and attorney's fees are not counterclaims for recoupment. *See*, *e.g.*, <u>United States v. 2,116 Boxes of Boned Beef</u>, 726 F.2d 1481, 1490 (10th Cir. 1984) ("[R]ecoupment is merely 'the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out the very [matter] giving rise to the plaintiff's claim.'") (quoting <u>First Nat'l Bank of Louisville v. Master Auto Serv. Corp.</u>, 693 F.2d 308, 310 n.1 (4th Cir. 1982)); *see also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 1401, 1427 (2d ed. 1990). Because the United States did not waive its sovereign immunity to Colson's

counterclaims merely by filing this lawsuit, and because Colson has cited no independent statutory basis in which Congress has authorized his counterclaims, the counterclaims must be dismissed for lack of jurisdiction.[1]

B.   Inverse Condemnation

Colson also asserts an inverse condemnation counterclaim, alleging that "[t]o the extent the Court or jury finds that the USA has the right to traverse Colson's property as a result of a prescriptive easement by necessity, the USA's actions constitute the occupation of Colson's private property for the USA's own use and enjoyment," and "such permanent physical occupation" is an unconstitutional taking that would entitle him to compensatory damages.  See Document No. 25 ¶¶ 23-25.  According to Colson, "[b]ecause the United States claims it has acquired a right to use and occupy [his] property through a prescriptive easement by necessity, and [because he] has not been compensated for this taking," he is entitled to bring an inverse condemnation claim against the United States.  See Document No. 32 ¶¶ 16-22.

The United States moves for summary judgment on this counterclaim, arguing that it "is not exercising the power of

---

[1] As the government explains, however, if Colson is the prevailing party in this action, he may within thirty days after entry of final judgment file an application for costs and attorney's fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412.

eminent domain" or otherwise attempting to take Colson's property but has "filed this suit to obtain a judicial determination that it already owns the right to use the [Road] free of the obstructions erected by the defendant." *See* Document No. 31 at 2. Thus, the United States filed this lawsuit not to acquire new rights in the Road but rather to enjoin Colson from interfering with existing rights that the United States has to use the Road--rights obtained by prescription, by implied dedication, and/or by necessity. *See* Document No. 13. Thus, the United States argues, Colson is barred from asserting his inverse condemnation counterclaim in this suit because any claim for just compensation arising out of the government's use of the Road expired long ago.

The Court agrees that Colson's inverse condemnation claim fails as a matter of law. If the Road is a prescriptive easement, "[t]he theory of prescriptive easement does *not* grant the State affirmative authority to take property without just compensation. Rather, the prescriptive period--as with any statute of limitations--requires a private landowner to bring an inverse condemnation action for public use of private property within a specified period of time. At the expiration of the prescriptive period, the landowner's right to bring suit is extinguished, effectively vesting property rights in the adverse user." Weidner v. Dep't of Transp. & Pub. Facilities, 860 P.2d 1205, 1212 (Alaska 1993); *see also* Rogers v. Marlin, 754 So. 2d 1267, 1273 (Miss. Ct.

App. 1999) ("[D]amages are never a part of adverse possession, which is what a prescriptive easement is.  Unlike eminent domain . . . the original owner of the property over which the prescriptive easement in question runs has long since forfeited his right to demand payment for the easement over his property.").  On the other hand, if the right was acquired by an implied dedication to public use, or by necessity in 1905, Colson likewise would not be entitled to compensation.  *See*, *e.g.*, County of Real v. Hafley, 873 S.W.2d 725, 728 (Tex. App.--San Antonio, 1994) (explaining that a party "bear[s] a heavy burden when proving implied dedication . . . because such a finding results in the appropriation of private property for public use *without any compensation to the landowner*, which appropriation would otherwise be prohibited under [the Texas Constitution].") (emphasis added); MacCaskill v. Ebbert, 739 P.2d 414, 418 (Idaho Ct. App. 1987) (explaining that because an easement by necessity is a right derived from the transaction, and exchange of consideration, by which the dominant and servient estates were originally severed, the judicial declaration of such an easement amounts to a determination of preexisting rights, and does not constitute a new "taking" of property or property rights for which payment of compensation is constitutionally mandated).

In sum, the premise upon which Colson bases his inverse condemnation counterclaim--that "if, as the United States claims, 'it already owns the right to use the [Road],' that right was

obtained without any compensation whatsoever and is an unlawful taking"--is without merit. Colson's inverse condemnation claim therefore fails as a matter of law.[2]

## IV. Order

Accordingly, it is

ORDERED that the United States's Motion to Dismiss Counterclaims in Third Amended Answer (Document No. 31) is GRANTED, and Defendant Gregory L. Colson's counterclaims against the United States are DISMISSED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 29th day of August, 2005.

                                          EWING WERLEIN, JR.
                                  UNITED STATES DISTRICT JUDGE

---

[2] Of course, if Colson prevails in this lawsuit and if the United States thereafter expropriates the Road, Colson would be entitled to just compensation.